IN RE: William P. "Billy" SWITZER,
Crossett Municipal Judge

90-8                                              796 S.W.2d 341

Supreme Court of Arkansas
Opinion delivered October 1, 1990

*Robert J. Johnson*, for petitioner.

No response.

PER CURIAM. William P. "Billy" Switzer is the Municipal

Judge of Crossett. His present term of office runs through December 31, 1990. On November 21, 1989, Judge Switzer was indicted by the Grand Jury of Ashley County for the felony of public servant bribery and the misdemeanor of hindering apprehension. A copy of the indictment was certified to the Judicial Discipline and Disability Commission and a hearing was scheduled to determine whether the Commission should recommend to this Court that Judge Switzer be suspended from office while charges were pending. Neither Judge Switzer nor his counsel attended the Commission hearing. The Commission made a finding of fact that the charges affected Judge Switzer's ability to perform his judicial duties and recommended that this Court suspend Judge Switzer from office with pay pending disposition of the criminal charges against him. This Court, by Per Curiam opinion on February 12, 1990, suspended Judge Switzer from office with pay "pending the disposition of criminal charges against him."

Judge Switzer has now petitioned this Court to reinstate him to judicial office because "all charges against petitioner have been dismissed." Because this is the first petition for reinstatement to come before us since the creation of the Judicial Discipline and Disability Commission, we take the opportunity to set forth the procedure involved in such cases.

"The ground for suspension, leave, or removal from office shall be determined by *legislative enactment*." Ark. Const. amend. 66(b). (Emphasis in constitution.) Rule 9 of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission provides that the "grounds for discipline are those established" by the constitution of Arkansas and Title 16, Chapter 10, Subchapter 4 of the Arkansas Code Annotated. Clearly then, the legislature is the branch of government empowered to establish the grounds for suspension, other than those set out in the constitution.

Ark. Code Ann. § 16-10-408(1) and (2) (Supp. 1989) provide for suspension with pay while an information or indictment *is pending*, or while a recommendation by the Commission for removal *is pending*. Neither such proceeding is now pending and, accordingly, we must vacate Judge Switzer's suspension.

This does not necessarily mean that the matter is ended.

Rule 10(b) of the Discipline and Disability Rules provides that a temporary suspension with pay, as was had in this case, "shall not preclude action by the Commission with respect to the conduct that was the basis for the felony or misdemeanor charge, *nor shall the disposition of the charge in any manner preclude such action.*" Thus, the Commission might proceed against Judge Switzer on the basis of the alleged misconduct underlying the criminal charges. We express no opinion on such proceedings involving Judge Switzer, as review of such a proceeding might later come before this court.

Perhaps the use of a hypothetical example is the best way to describe such a proceeding: Suppose numerous witnesses saw a judge commit a felony involving dishonesty and he was charged accordingly, but was not afforded a speedy trial and, therefore, the charges against him were dismissed. Although the charges were dismissed, there are numerous witnesses who could testify about the judge's violation of "ethical standards for judicial office," *see* Ark. Const. amend. 66(b), or his committing an act "involving dishonesty." *See* Ark. Code Ann. § 16-10-410(b)(3) (Supp. 1989). If the Commission heard the witnesses at a formal disciplinary hearing, and found them credible, it could make such a finding of fact and forward it to this Court. *See* Rule 11 of the Discipline and Disability Rules. We could suspend the judge with pay while the allegation was pending, Ark. Code Ann. § 16-10-408(2) (Supp. 1989), and, after the formal hearing and a report from the Commission, could permanently remove the judge from office. Ark. Code Ann. § 16-10-410 (Supp. 1989).

Again, we are not expressing an opinion on whether the Commission should proceed further against Judge Switzer. It is our intention to make clear in this precedent setting case that under our law the granting of this petition does not necessarily end the matter.

Petition for Reinstatement Granted.

HAYS AND GLAZE, JJ., dissent.

TOM GLAZE, Justice, dissenting. In my view, the court renders too much advice that simply is unnecessary. Amendment 66 to the Arkansas Constitution, (Ark. Code Ann. § 16-10-408(2) (Supp. 1989)), and Rule 10(b) of the Discipline and

Disability Rules are crystal clear. In particular, § 16-10-408(2), in pertinent part, provides that the supreme court may suspend a judge with pay *while* a recommendation to this court for his or her removal by the commission is pending. The Commission recommended that this court suspend Judge Switzer from office with pay pending disposition of criminal charges against him and this court ratified that recommendation. The Commission has not withdrawn its recommendation and this matter is still pending before the Commission — which is where Judge Switzer should seek his relief. At this stage of the proceeding, this court's premature intervention can serve only to complicate matters.

I would dismiss Judge Switzer's petition without prejudice to his filing an appropriate petition with the Commission.

HAYS, J., joins this dissent.